## Appeal of THOMAS S. FULLER.

Docket No. 5241.    Decided September 24, 1926.

The Commissioner's method of averaging the cost in the case of the sale of stock upon which a stock dividend has been declared and rights to subscribe for additional stock have been issued and exercised. approved.

*William H. White, Jr., Esq.*, for the petitioner.
*P. J. Rose, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income tax of $6,726.62 for the year 1919.   It involves the method of computation employed by the Commissioner in determining the gain realized by the taxpayer on the sale of certain stock in that year.

### FINDINGS OF FACT.

In January and February of 1915 and 1916 the taxpayer purchased 500 shares of the capital stock of P. Lorillard & Co. for $88,663.75.   In the spring of 1918 he received on these 500 shares a stock dividend of 100 shares.   During the latter part of that year he was offered the right to subscribe, along with all other stockholders, to new stock to be issued by the company to the extent of one-third of his holdings at $100 per share.   He exercised his right and subscribed for 200 shares for which he paid $20,000.   During the year 1919 he sold for $107,980.00 the 500 shares originally purchased and reported his profit thereon as follows:

| | |
|---|---|
| Selling price of 500 shares | $107, 980. 00 |
| Cost of same 500 shares | 88, 663. 75 |
| Profit returned | 19, 316. 25 |

The taxpayer still owns the 100 shares received as a stock dividend and the 200 shares purchased in 1918 by virtue of his subscription rights.   The Commissioner computed the profit from the sale of the 500 shares as follows:

| | |
|---|---|
| Original purchase of 500 shares | $88,663.75 |
| Stock dividend of 100 shares | |
| Cost of 600 shares | 88,663.75 |
| Stock rights received and subscribed for—200 shares for | 20,000.00 |
| Total cost of 800 shares | 108,663.75 |
| Sale price of original 500 shares | 107,980.00 |
| Cost of 500 shares—⅝ths of $108,663.75 | 67,914.84 |
| Net profit | 40,065.16 |

OPINION.

MORRIS: The taxpayer's contention that there is no provision of the Revenue Act of 1918 which authorizes or permits the Commissioner to compute profits by averaging the cost of such sales with additional shares acquired through a stock dividend and the exercise of the right to purchase additional shares; that neither gain nor loss can be determined with regard to the stock dividend shares and/or the shares purchased in 1918 until they have been disposed of and the Commissioner's method of computing gain on the transaction results in effect in levying a tax on a stock dividend and/or the right to subscribe for stock, have been ruled on adversely in so far as they relate to averaging cost in the case of a sale of stock upon which a stock dividend has been declared in the *Appeal of D. W. Cowden*, 3 B. T. A. 816.

That the Commissioner's method was correct in also including the cost of shares acquired through the exercise of the right to purchase additional shares in arriving at the average cost is apparent from the decision of the Supreme Court in *Miles* v. *Safe Deposit & Trust Co.*, 259 U. S. 247, in which the following language was used:

The right to subscribe to the new stock was but a right to participate, in preference to strangers and on equal terms with other existing stockholders, in the privilege of contributing new capital called for by the corporation—an equity that inheres in stock ownership under such circumstances as a quality inseparable from the capital interest represented by the old stock, recognized so universally as to have become axiomatic in American corporation law. * * * The District Court proceeded correctly in treating the subscription rights as an increase inseparable from the old shares, not in the way of income but as capital; in treating the new shares if and when issued as indistinguishable legally and in the market sense from the old; and in regarding the sale of the rights as a sale of a portion of a capital interest that included the old shares.

The court also quoted with approval article 1547 of Regulations 45 which prescribes the method followed by the Commissioner in determining the cost of the stock sold by this taxpayer.

*Judgment for the Commissioner.*